# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ACORD, | CV F 05-0075 REC DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| KINGS COUNTY WELFARE INVESTIGATOR RICHARD MEYERS, et.al. | |
| Defendants. | |

Plaintiff is a former prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint filed January 19, 2005.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against Kings County Welfare Investigation

1

Unit Investigator Richard Meyers and Kings County District Attorney Ronald Calhoun. Plaintiff alleges that he was improperly arrested for Welfare Fraud despite his meeting with defendant Meyers and providing evidence of his innocence. Plaintiff alleges that the charges were ultimately dismissed for lack of evidence. Plaintiff alleges that defendants had in their possession documents which clearly showed plaintiff's innocence and violated his civil rights by issuing a warrant without probable cause, placing him under arrest and falsely charging him with a crime.

A.   Kings County District Attorney as a Defendant.

Plaintiff is advised that prosecutors are absolutely immune from civil suits for damages under section 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Because plaintiff's allegations relate to the district attorney's actions in performing functions intimately associated with the judicial phase of the criminal process, plaintiff's claim against the Kings County District Attorney Ronald Calhoun must be dismissed on grounds of prosecutorial immunity. Id.; see Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2).

B.   Malicious Prosecution Claim.

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" Awabdy v. City of Adelanto, No. 02-57118, 2004 WL 1118726 (9th Cir. May 20, 2004) (citing to Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995)). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." Awabdy, 2004 WL 1118726 (citations omitted). "An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." Id.

Plaintiff alleges that defendant Meyers caused charges to be filed against him despite having possession of information showing his innocence. These allegations are insufficient to state a cognizable claim for malicious prosecution under section 1983. Plaintiff makes no

allegation of malice or improper purpose on the part of defendant Meyers.  It is also not clear from plaintiff's complaint what role defendant played in the arrest, if any.  Plaintiff alleges that he met with defendant Meyers fourteen (14) months prior to his arrest and Meyers believed he was innocent.  Plaintiff further alleges that Myers stated that he would report this to the District Attorney.  Plaintiff fails to describe what further involvement, if any, Meyers had in the arrest.  In order to state a cognizable claim for malicious prosecution against defendant Meyers, plaintiff must allege facts indicating that Meyers caused him to be arrested and did so with an improper purpose.

Because plaintiff has failed to state a cognizable claim against defendant Meyers and it appears that defendant Ronald Calhoun is entitled to immunity, the Count finds it necessary to dismiss the complaint in its entirety.  The Court will however grant plaintiff the opportunity to file an amended complaint to cure the deficiencies identified in this Order if he believes he can state a cognizable claim against one or both of these defendants.  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

    1.  Plaintiff's complaint is dismissed;

 2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form;

 3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

IT IS SO ORDERED.

Dated:   August 1, 2005              /s/ Dennis L. Beck
9b0hie                               UNITED STATES MAGISTRATE JUDGE